IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE
AT LEBANON

ALEXANDER JOHNSON,
    Plaintiff,

v.

No. 18CV642
JURY DEMAND

JH WILSON TRANSPORT, LLC,
ARNOLD FARMS TRUCKING, LLC,
and DAVID GRUBBS,
    Defendants.

## COMPLAINT

Comes now Plaintiff, Alexander Johnson, and files this Complaint for damages against JH Wilson Transport, LLC, Arnold Farms Trucking, LLC and David Grubbs and shows unto the Court as follows:

1. Alexander Johnson is a resident of Smith County, Tennessee.

2. Defendant, JH Wilson Transport, LLC is a limited liability company, organized under the laws of the State of Missouri. The business address is 102 S. Interstate Dr. Miner, Missouri 36801. Its registered agent for service of process in Tennessee is Lisa Blackwell 1477 Joppa Rd. Walling, White County, Tennessee 38587.

3. Arnold Farms Trucking, LLC is a limited liability company, organized under the laws of the State of Missouri. The business address is 43 County Highway 449, Sikeston, Missouri 63801. Its registered agent for service of process is Timothy E. Arnold 43 County Highway 449, Sikeston, Missouri 63801. Defendant may be served through the Tennessee Secretary of State.

4.  David Grubbs is resident of Missouri whose address is 378 County Highway 405, Sikeston, Scott County, Missouri, 63801. Defendant may be served through the Tennessee Secretary of State.

5.  On January 10, 2018 at approximately 2:42 PM, Alexander Johnson was driving his Ford pickup truck, traveling northbound on Sparta Pike in Wilson County, Tennessee approaching the intersection of Sparta Pike and Young Road.

6.  At the same time and place, Brittney Dallous was driving her 2009 Nissan Armanda northbound on Sparta Pike. Alexander Johnson was following Ms. Dallous' vehicle at a safe distance and lawful speed.

7.  A vehicle traveling northbound in front of Ms. Dallous' vehicle slowed to make a turn. Ms. Dallous, driving in a safe and prudent manner, slowed to a stop.

8.  Alexander Johnson saw Ms. Dallous slowing her vehicle. Mr. Johnson slowed his vehicle to a stop.

9.  David Grubbs was driving a 2018 Peterbilt tractor-trailer, truck VIN 1XPBDP9X5JD472063, truck tag # A5608X, trailer tag # MO 16F9CS, traveling north on Sparta Pike approaching the stopped traffic. Mr. Grubbs failed to stop the tractor-trailer and struck Alexander Johnson's Ford pickup causing Mr. Johnson's pickup to be thrown violently forward striking the vehicle of Ms. Dallous.

10. There is no evidence Mr. Grubbs applied the brakes or attempted any maneuver to avoid the collision before plowing into Alexander Johnson's pickup truck.

11. Mr. Johnson's pickup truck was knocked forward with such great force that his vehicle struck the rear of the vehicle driven by Ms. Dallous causing her vehicle to be knocked down the road. Mr. Johnson's Ford pickup was knocked off the side of the road

on the right side of the road. Mr. Johnson's vehicle suffered tremendous damage both from the impact of the tractor-trailer striking his pickup and his vehicle striking Ms. Dalious' vehicle. Mr. Johnson had a tool box in the bed of his truck which was thrown violently forward shattering the rear window of the cab of the pickup truck and striking Mr. Johnson.

12. Mr. Johnson did nothing to contribute to his own injuries.

13. At the time of the collision, David Grubbs was an agent and/or employee of JH Wilson Transport, LLC.

14. At the time of the collision, Mr. Grubbs was acting in the scope of his employment with JH Wilson Transport, LLC and the furtherance of the business of JH Wilson Transport, LLC.

15. At the time of the collision, David Grubbs was an agent and/or employee of Arnold Farms Trucking, LLC.

16. At the time of the collision, Mr. Grubbs was acting in the scope of his employment with Arnold Farms Trucking, LLC and the furtherance of the business of Arnold Farms Trucking, LLC.

17. The tractor-trailer driven by David Grubbs on January 10, 2018 was owned by Arnold Farms Trucking, LLC.

18. The tractor-trailer driven by David Grubbs on January 10, 2018 was leased to JH Wilson Transport LLC.

19. At all relevant times, JH Wilson Transport, LLC was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in various states including Tennessee.

20. David Grubbs was negligent *per se* in that he violated T.C.A. § 55-8-136 by failing to operate the tractor-trailer at a safe speed; by failure to maintain a safe lookout; by failure to keep the tractor-trailer under proper control and by failure to devote full time and attention to operating the tractor-trailer under the existing circumstances to avoid endangering life, limb or property.

21. David Grubbs was negligent *per se* in that he violated T.C.A. § 55-8-124 by following Alexander Johnson's vehicle more closely than was reasonable and prudent considering the speed of his vehicle and that of Alexander Johnson's vehicle.

22. Alexander Johnson avers that David Grubbs was negligent in the operation of the tractor-trailer in that he failed to maintain the tractor-trailer he was operating under due and reasonable control.

23. Alexander Johnson avers that David Grubbs was negligent in that he failed to bring his vehicle under control and to stop the same when there was sufficient time and distance for him to do so before striking the rear of Alexander Johnson's vehicle.

24. At the time of the wreck David Grubbs had a duty to drive in conformance of the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including, but not limited to, the Required Knowledge and Skills set forth in 49 C.F.R. Sections 383.111 and 383.113 as well as the mandates of 49 C.F.R. Sections 390-395.

25. JH Wilson Transport LLC and Arnold Farms Trucking LLC are liable under the doctrine of *Respondeat Superior* and the rules of agency for the tortious acts and

omissions of their agents, employees, members, representatives, servants or contractors. These acts and omissions include but are not limited to the acts and omissions committed by Defendant Grubbs on January 10, 2018 which are described above and were committed through the course and scope of his agency or employment with JH Wilson Transport LLC and Arnold Farms Trucking LLC.

26. As employers, JH Wilson Trucking LLC and Arnold Farms Trucking LLC are also independently negligent in hiring, qualifying, training, entrusting, supervising and retaining Defendant Grubbs in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

27. JH Wilson Trucking LLC and Arnold Farms Trucking LLC failed to make sure that their tractor-trailer and driver complied with federal and state laws and regulations.

28. JH Wilson Trucking LLC and Arnold Farms Trucking LLC failed to properly inspect, maintain and service or repair the tractor-trailer Mr. Grubbs was driving.

29. As an employer and motor carrier, JH Wilson Trucking LLC and Arnold Farms Trucking LLC had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal laws and regulations, Tennessee law and industry standards, including the duty to properly qualify David Grubbs, the duty to properly train David Grubbs, the duty to properly inspect and maintain the vehicles, the duty to make sure its employees are medical able to operate commercial motor vehicles, the duty to prevent its employees from operating a commercial motor vehicle while they are fatigued or otherwise disqualified and the duty to otherwise establish and

implement necessary management controls and systems for the safe operation for its motor vehicles.

30. JH Wilson Trucking LLC and Arnold Farms Trucking LLC were independently negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal laws and regulations, Tennessee law and industry standards.

31. As a result of the foregoing breach of the duties of Defendants, Alexander Johnson suffered the loss and injuries herein described.

32. As a direct and proximate result of Defendants' negligence, Alexander Johnson was injured. Alexander Johnson suffered past physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, loss of earning capacity, physical impairment and will continue to suffer from physical pain and suffering, mental and emotional anguish, loss of enjoyment of life, loss of earning capacity, physical impairment in the future as well as incurring medical expenses to this date and will incur medical expenses in the future.

33. As a direct and proximate result of Defendants' negligence, Alexander Johnson's vehicle was a total loss. He suffered property damage of $13,370.22 for the loss of his property.

34. Alexander Johnson herein has and does rely upon his rights under T.C.A. § 56-2-504 and T.C.A. § 56-7-102 *et seq.*, and does hereby give formal notice concerning said interest and rights of service of process on the appropriate parties.

35. Alexander Johnson demands a trial by jury.

WHEREFORE, Plaintiff, Alexander Johnson, brings this suit for his personal injuries and property damage and demands judgment against the Defendants for his personal injuries and losses in an amount not to exceed one million two hundred and fifty thousand ($1,250,000.00) dollars and demands judgment against the Defendants for the property damage in an amount of thirteen thousand, three hundred and seventy dollars ($13,370.22) and twenty-two cents.

Respectfully Submitted,

Neal Agee, Jr. BPR #9328
Agee & Tinsley
406 West Main St. Suite A
Lebanon, TN 37087
(615) 444-0001

I, DEBBIE MOSS, CLERK, DO HEREBY CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL INSTRUMENT ON FILE IN THIS CASE.

DEC 1 4 2018

Debbie Moss
DEBBIE MOSS
CIRCUIT COURT CLERK
WILSON COUNTY, TN